# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHN C. KING § | |
| § | Civil Action No. 4:19-CV-181 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| SELECT PORTFOLIO SERVICING, INC., § | |
| ET AL. § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 28, 2020, the report of the Magistrate Judge (Dkt. #101) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss (Dkt. #54) be denied as moot, Plaintiff's Motion for Partial Summary Judgment (Dkt. #83) and Objections (Dkt. #82) each be denied, Defendants' Motion for Summary Judgment (Dkt. #76) be granted, and Plaintiff's third suit in the Eastern District of Texas related to the Property be dismissed with prejudice. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #104) and Defendants' Response (Dkt. #107), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## RELEVANT BACKGROUND

Plaintiff filed this suit in the 393rd Judicial District Court for Denton County, Texas, on March 4, 2019, seeking to stop foreclosure of the real property located at 11898 Eastpark Lane, Frisco, Texas 75034 (Dkt. #1-3). The case was removed to the Eastern District of Texas on March 12, 2019, and, again, is the third suit related to the Property that has been removed to the Eastern District of Texas (Dkts. #1; #76 at p. 14; #76-4). The Property was purchased by Plaintiff

and his former spouse in 2006; Plaintiff and his former spouse executed the underlying Deed of Trust and Plaintiff's former spouse, but not Plaintiff, executed the Note (Dkt. #76-1 at pp. 8–35). Plaintiff acknowledges that neither he, nor his former spouse, have made a payment on the Loan since March 2008, which has left the Loan in default for now over twelve years (Dkts. #76 at p. 13; #76-1 at p. 5; #84 at p. 13). The Property was sold at a foreclosure sale on March 5, 2019, one day after Plaintiff filed the instant suit in state court; the default remained uncured at the time of the sale (Dkts. #76 at pp. 13–14; #76-1 at pp. 85–90; #76-2 at pp. 29–33). Plaintiff's live pleading asserts a claim for trespass to try title and a claim for violations of the Texas Property Code and Deed of Trust (Dkt. #33). Among other arguments, Plaintiff asserts the attorney in fact and the Substitute Trustee were not properly appointed and thus the Substitute Trustee lacked the capacity to convey the Property at the foreclosure sale. On August 28, 2020, the Magistrate Judge recommended Plaintiff's suit be dismissed with prejudice (Dkt. #101). Plaintiff timely filed his Objections to the report on September 11, 2020 (Dkt. #104), and Defendants filed a timely Response on September 25, 2020 (Dkt. #107). Notably, Plaintiff does not object to the recommendation that the Motion to Dismiss be denied as moot and/or the recommendations regarding evidentiary objections. Plaintiff objects only to certain findings of fact and conclusions of law underlying the Magistrate Judge's recommendation that the Court grant Defendants' Motion for Summary Judgment. Accordingly, the unobjected-to findings are hereby adopted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

*Objections to Findings of Fact*

Plaintiff first objects to certain of the Magistrate Judge's factual findings. This includes the findings that: SPS appointed the law firm of Mackie, Wolf, Zeintz & Mann, P.C. (and thus attorney Keller Mackie) as attorney in fact; SPS is authorized to appoint an attorney in fact; Keller Mackie appointed Wes Webb as Substitute Trustee; and the Property was sold on March 5, 2019 (Dkt. #104 at pp. 1–3). At their core, each of these objections go to Plaintiff's disagreement with the validity of the appointment of an attorney in fact and substitute trustee. But as the Magistrate Judge correctly concluded, and as the Court will further address herein, Plaintiff lacks standing as to these issues.

Plaintiff's also objects to the Magistrate Judge's finding on page six that the Notice of Sale was mailed to Plaintiff on January 31, 2019. Plaintiff proffers no evidence he did not receive the Notice of Sale. And based upon the evidence presented, the Notice of Sale addressed to both Plaintiff and his former wife is dated January 29, 2019, lists tracking numbers that demonstrate it was sent by USPS certified mail on January 31 or February 1, 2019, and was subsequently delivered (Dkts. #76-1 at pp. 63–67, 73–77; #76-2 at pp. 3–4). The Notice of Sale was also recorded in the Denton County records on January 31, 2019 (Dkts. #76-1 at p. 84; #76-2 at pp. 3–4, 28). Further, Plaintiff makes no substantive claim based upon the timing of the notices.

Each of Plaintiff's objections to the findings of fact are overruled.

*Objections to Conclusions of Law*

Plaintiff does not plainly identify his specific objections under the heading "conclusions of law." Many of Plaintiff's "objections" have no bearing on whether summary judgment was properly granted and constitute nothing more than a running commentary, seemingly asserted with an intent to obfuscate the issues before the Court. Plaintiff begins by arguing the Magistrate Judge

erred "to the extent that the report and recommendation relies on" certain cited authorities. For example, Plaintiff objects to the Magistrate Judge's citation to a published Texas appellate decision because it "adds nothing" to the analysis (Dkt. #104 at p. 3); elsewhere, Plaintiff complains a citation is "an odd choice" (Dkt. #104 at p. 5). Plaintiff's goal appears to be to revisit the holdings of countless other courts, which the Court declines to do. Notwithstanding, the Court briefly examines Plaintiff's commentary in the context of the claim for trespass to try title, standing, and words of conveyance in the deed.

1. ***Trespass to Try Title***

Plaintiff remains in possession of the Property (Dkts. #5 at p. 3; #33 at p. 5; #84 at p. 17). A plaintiff fails to state a trespass to try title claim when a plaintiff fails to allege that he or she has been dispossessed of his or her property. *See, e.g.*, *Lopez v. Wells Fargo Bank, N.A.*, No. 5:18-CV-44, 2020 WL 224485, at *3 n.2 (S.D. Tex. Jan. 14, 2020); *Tabor v. Wells Fargo Bank, N.A.*, No. 1:19-CV-192-LY-SH, 2019 WL 4724033, at *3 (W.D. Tex. Sept. 26, 2019), *report and recommendation adopted*, No. 1:19-CV-192-LY (W.D. Tex. Oct. 28, 2019), ECF No. 16; *Burch v. JPMorgan Chase Bank, N.A.*, No. 3:19-CV-0645-N-BH, 2019 WL 4919018, at *6 n.5 (N.D. Tex. Sept. 3, 2019), *report and recommendation adopted*, No. 3:19-CV-0645-N-BH, 2019 WL 4918100 (N.D. Tex. Oct. 4, 2019). Plaintiff cites no authority that warrants concluding otherwise. Indeed, Plaintiff principally advances an unpublished Texas appellate decision, *Leblanc v. Estate of Gassner*, No. 01-94-00511-CV, 1995 WL 569673 (Tex. App.—Houston [1st Dist.] Sept. 28, 1995, no writ). But in doing so, Plaintiff avoids highlighting the *Leblanc* Court's conclusion that "[t]he *effect* of the defendants' not guilty plea was to put the plaintiffs *on notice* that they claimed title to the disputed tract; the judgment awarded the defendants title to a portion of the disputed tract." *Id.* (emphasis added). Here, too, the effect of Defendants' plea of "not guilty" in the original answer

in state court was to place Plaintiff on notice that Defendants claimed title to the disputed tract (Dkt. #6 at pp. 1–2).  Relatedly, Plaintiff objects to the Magistrate Judge's analysis of Texas Rule of Civil Procedure 783(e), arguing giving "literal effect to" the rule "would be to ignore" Texas Rules of Civil Procedure 804 and 790 (Dkt. #104 at p. 7).  The defendant in a trespass to try title action "shall be the person in possession if the premises are occupied, or some person claiming title thereto in case they are unoccupied."  TEX. R. CIV. P. 784.  The Property, as detailed herein, is occupied by Plaintiff.  Unless and until Plaintiff is dispossessed of the Property, his trespass to try title claim is premature.  Plaintiff's objections regarding trespass to try title are overruled.

2. *Standing*

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff lacks standing to challenge the appointment of a substitute trustee (Dkt. #104 at pp. 11–15).  The report identified evidence establishing Keller Mackie's authority to appoint a substitute trustee; and, Defendants further persuasively argue that whether Keller Mackie lacked authority to appoint a substitute trustee "is an issue between Keller Mackie and SPS (his principal)" (Dkt. #107 at p. 5).  As the Magistrate Judge explained in detail, a plaintiff lacks standing to challenge the appointment of a substitute trustee when that same plaintiff "is neither a party to the appointment nor the intended beneficiary."  *Morse v. Ditech Fin., LLC*, No. 4:16-CV-00279-ALM-CAN, 2017 WL 7051072, at *8 (E.D. Tex. Aug. 10, 2017) (collecting cases), *report and recommendation adopted*, No. 4:16-CV-279, 2017 WL 4230550 (E.D. Tex. Sept. 25, 2017).  Here, Plaintiff is neither a party to the appointment of the Substitute Trustee nor the intended beneficiary.  Plaintiff also cannot escape the fact that by alleging Keller Mackie lacked the authority to execute the appointment, he challenges on a basis that renders the appointment voidable at Defendants' (not Plaintiff's) election.  The Court declines Plaintiff's invitation to reconsider the merits of this precedent.

Plaintiff lacks standing to challenge the appointment of a substitute trustee. Plaintiff's remaining arguments on this front are without merit. Plaintiff's objections regarding standing and/or as to the Substitute Trustee are overruled.

### 3. *Foreclosure Sale Deed*

Plaintiff's final objection is that the Substitute Trustee Deed omitted the words of conveyance, which renders the Substitute Trustee Deed invalid (Dkt. #104 at pp. 16–17). Defendants, in response, argue the terms "Granted, Sold, and Conveyed" demonstrate "the parties' intent to convey the property, and are the same in substance as § 5.022's recommended form" (Dkt. #107 at p. 7). The Magistrate Judge concluded "Plaintiff provides no authority that the language used in the Substitute Trustee's Deed . . . does not comply with § 5.022 as 'the same substance' or that the language contained in § 5.022 is in any way required to convey an interest in real property" (Dkt. #101 at p. 36). Plaintiff cites a Texas appellate decision in his objections, which does not change the Court's analysis herein. As the Magistrate Judge properly noted, the Texas Property Code provides a standard fill-in-the-blank type form and further provides the form can also be "the same in substance." *See* TEX. PROP. CODE § 5.022(a). The language in the Substitute Trustee Deed (Dkt. #76-2 at p. 31) is "the same in substance" as the standard form in the Texas Property Code and is otherwise "not in contravention of law." *See id.* § 5.022(c). Plaintiff's final objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #104) and Defendants' Response (Dkt. #107), and having conducted a de novo review, the Court adopts the findings of the Magistrate Judge's report (Dkt. #101). Accordingly,

It is therefore **ORDERED** that Defendants' Motion to Dismiss (Dkt. #54) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. #83) and Objections (Dkt. #82) are each **DENIED**.

It is finally **ORDERED** that Defendants' Motion for Summary Judgment (Dkt. #76) is **GRANTED**. Plaintiff's claims against Defendants are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 18th day of November, 2020.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE